UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DONALD HINKLE,                          )
                                        )
                    Petitioner,         )
                                        )
        v.                              )        No. 1:19-cv-04514-JMS-MPB
                                        )
UNITED STATES OF AMERICA,               )
                                        )
                    Respondent.         )

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons discussed in this Entry, the motion for relief pursuant to 28 U.S.C. § 2255

must be **denied**, and the action dismissed with prejudice. In addition, the Court finds that a

certificate of appealability should not issue.

## I.        The § 2255 Motion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal

prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343

(1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon

the ground that the sentence was imposed in violation of the Constitution or laws of the United

States, or that the court was without jurisdiction to impose such sentence, or that the sentence was

in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.

§ 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error

of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which

results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th

Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).

## II. Discussion

### A. Hinkle's Conviction, Sentence, and Appeal

The facts of Hinkle's crime, as stipulated by the parties in Hinkle's plea agreement, are as follows.

> During the course of an ATF investigation in later 2015 that led to a second superseding indictment, Donald Hinkle was observed purchasing controlled substances from a source of supply. As such, his residence ... was searched on December 10, 2015. Officers searching the house found four digital scales in the kitchen, and found 23 grams of fentanyl in the bedroom. Officers also found ammunition in a magazine in the bedroom. In the post-Miranda interview that followed, Hinkle admitted that the ammunition and controlled substances in the house were his.

*United States v. Benitez et al*, 1:16-cr-00002-JMS-TAB-14 (hereinafter "Crim. Dkt."), dkt. 617 at 6-7. On September 8, 2016, Hinkle was charged in a 23-count second superseding indictment (the "Indictment") with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count 21), and possession with the intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1) (Count 22). Crim Dkt. 423.

On February 17, 2017, Hinkle entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) and agreed to plead guilty to Count 21 of the Indictment. *See* Crim. Dkt. 617 at 1-2. Both parties agreed and stipulated to a factual basis that supported a conviction for Count 21. *Id*. at 6-7. The parties also stipulated to a sentence of 120 months' imprisonment. *Id*. at 4. Hinkle agreed to waive his right to appeal his conviction and sentence if the Court sentenced him in accordance with the plea agreement. *Id*. at 8-9. Hinkle further agreed not to contest or seek to modify his conviction or sentence or the manner in which they were determined in any later legal proceeding, including but not limited to an action brought under 28 U.S.C. § 2255. *Id*.

On May 22, 2017, at a combined plea and sentencing hearing, the Court accepted Hinkle's plea of guilty and sentenced him to 120 months' imprisonment and 24 months' supervised release in accordance with the terms of the plea agreement. *See* Crim Dkts. 705, 708.  Hinkle subsequently filed an unsuccessful appeal. *See United States v. Hinkle*, 725 Fed. Appx. 421, 422 (7th Cir. 2018).

## B.  Hinkle's § 2255 Petition

In his petition, Hinkle argues that he is entitled to relief on the following grounds: (1) his guilty plea was not knowingly and intelligently made because he was misinformed by the Court as to the nature of the charged crime under 18 U.S.C. § 922(g)(1); (2) he did not know that the government must prove that he knew he possessed ammunition and that he knew that he belonged to the relevant category of persons barred from possessing a firearm or ammunition, pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (2019); and (3) the Court erred in sentencing him to a term of 120 months' imprisonment and 24 months' supervised release when the statute only provides for a maximum term of 120 months' imprisonment. *See* dkt. 1. The respondent argues that Hinkle has waived his right to collaterally attack his conviction or sentence on those grounds, and even if he had not, his claims are procedurally defaulted and meritless.

### 1.  Collateral Attack Waiver

#### a.  Legal Standard

"A waiver of appeal is valid, and must be enforced, unless the  agreement in which it is contained is annulled." *United States v. Hare*, 269 F.3d 859, 860 (7th Cir. 2001).  The rule in this circuit is firmly established that the waiver of the right to file a § 2255 motion shall, with only limited exceptions, be strictly enforced.  *United States v. Smith*, 759 F.3d 702, 706-07 (7th Cir. 2014); *United States v. Quintero*, 618 F.3d 746, 751 (7th Cir. 2002); *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 1996).  "[A] waiver [of appeal or of post-conviction relief rights] stands

or falls with the plea bargain of which it is a part." *Nunez v. United States*, 546 F.3d 450, 455 (7th Cir. 2008).

Plea agreements are construed "according to the ordinary principles of contract law, but with a heightened obligation both to secure for defendants the benefits of their negotiation and to restrict only those rights they properly relinquished." *Cross v. United States*, 892 F.3d 288, 298 (7th Cir. 2018). "That an appeal waiver does not bar claims outside its scope follows from the fact that, '[a]lthough the analogy may not hold in all respects, plea bargains are essentially contracts.'" *Garza v. Idaho*, 139 S. Ct. 738, 744 (2019) (quoting *Puckett v. United States*, 556 U.S. 129, 137 (2009)). In addition, some claims are not waivable. "Most fundamentally, courts agree that defendants retain the right to challenge whether the waiver itself is valid and enforceable—for example, on the grounds that it was unknowing or involuntary." *Id.* at 745.

### b. Hinkle's Collateral Attack Waiver

In his criminal case, Hinkle agreed in writing that if the Court accepted the terms of the Rule 11(c)(1)(C) plea agreement, he waived his right to challenge his conviction or sentence under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. *See* Crim. Dkt. 617 at 8-9.

The collateral attack waiver in Hinkle's plea agreement states, in relevant part:

Additionally, in the event the Court accepts this Rule 11(c)(1)(C) plea provided for in this Plea Agreement and sentences the Defendant consistent with this agreement, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. . . As concerns the Section 2255 waiver, the waiver does not encompass claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

*Id*. Hinkle received concessions from the government for signing the plea agreement, including an agreed sentencing recommendation and the dismissal of Count 22 the Indictment. *See* Crim. Dkts. 617 at 1-2; 690 at 5-6. Hinkle filed no reply and does not dispute in his petition that he was

competent to enter into the plea agreement. To the extent that Hinkle attempts to argue that his guilty plea was not voluntarily made, the Seventh Circuit has already determined that Hinkle's guilty plea and the waivers contained in his plea agreement are valid.  *See Hinkle*, 725 Fed. Appx. at 422 ("Because the guilty plea stands, so does the waiver."). Thus, Mr. Hinkle's collateral attack waiver applies, and his § 2255 motion is barred by the collateral attack waiver in his plea agreement. *Garza*, 139 S. Ct. at 744.

### 2.   Substance of Hinkle's Claims

Even if Hinkle's claims were not barred by the collateral attack waiver in his plea agreement, his petition would still be denied on its merits. The first two issues – whether Hinkle's guilty plea was valid and whether his sentence exceeded the statutory maximum – were both already decided in Hinkle's appeal.  *See Hinkle*, 725 Fed. Appx. at 422 (holding that "[Hinkle's] guilty plea stands" and that "Hinkle's 120-month sentence – to which he specifically acceded in the plea agreement – does not exceed the ten-year statutory maximum"). Hinkle cannot use a § 2255 motion to re-assert claims that were decided on direct appeal. *See Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995) ("A Section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal.") (internal quotation omitted)).

Finally, Hinkle's claim pursuant to *Rehaif* is undeveloped and without merit. In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. In other words, under *Rehaif*, the government's burden includes proving beyond a reasonable doubt that Hinkle knew, at the time of the offense, he had "been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Here, Hinkle

pleaded guilty to violating § 922(g)(1) and admitted to all the elements of the offense, including his status as a convicted felon. In his petition, Hinkle offers no argument or factual support for his claim that he was unaware of his status as a convicted felon, and Hinkle's testimony at his plea and sentencing hearing, provided below, demonstrate his understanding of his status.

> THE COURT: If we had gone to trial on Count 21, the Government would have been required to prove certain elements of that crime, and they are listed at the bottom of Paragraph 1 [of the plea agreement]. They would have been required to prove  that you knowingly possessed ammunition; second, that at the time you possessed the ammunition, you had previously been convicted of a felony and that the possession of the ammunition was in or affecting commerce or it was shipped in interstate or foreign commerce. Do you understand those are the elements they would have been required to prove by proof beyond a reasonable doubt if we had gone to trial?

> THE DEFENDANT: Yes, ma'am.

> THE COURT: And you understand that by pleading guilty you are relieving the Government of the burden of having to prove those elements because you are admitting that they are true.

> THE DEFENDANT: Yes, ma'am.

Crim Dkt. 755 at 8-9. Further, the Court does not doubt that Hinkle was aware of his status as a felon at the time he possessed the ammunition. Hinkle's pre-sentencing report reflects that Hinkle has been convicted of five prior felonies on three different occasions, specifically: (1) felony convictions for robbery and possession of a sawed-off shotgun in 1996, for which he was sentenced to 10 years' imprisonment; (2) felony convictions for dealing in marijuana and neglect of a dependent in 2010, for which he was sentenced to 545 days' imprisonment; and (3) a felony conviction for dealing in marijuana in 2011, for which he was sentenced to 365 days' imprisonment. Crim. Dkt. 690 at 9-12. Therefore, in addition to being barred by waiver, Hinkle's *Rehaif* claim is without merit.

Accordingly, for all of these reasons, Hinkle's motion for relief pursuant to § 2255 is **denied.** Consistent with this ruling, Hinkle's supplemental motion to vacate, dkt. [7], which directs the Court to additional, non-binding case law in support of his *Rehaif* claim, is **denied as moot**.

### III. Conclusion

For the reasons explained above, Hinkle is not entitled to relief on his § 2255 motion. Accordingly, his motion for relief pursuant to § 2255 is **denied**, and this action is **dismissed with prejudice**. His supplemental motion to vacate, dkt. [7], is **denied as moot**. Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Entry in No. 1:16-cr-00002-JMS-TAB-14**. The motion to vacate, Crim. Dkt. [891], shall also be **terminated** in the underlying criminal action.

### IV. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Hinkle has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 2/11/2021

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

DONALD HINKLE
15170-028
TERRE HAUTE – FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808